1  JAY L. POMERANTZ (CSB No. 209869)
   jpomerantz@fenwick.com
2  FENWICK & WEST LLP
   801 California Street
3  Mountain View, CA 94041
   Telephone:    650.988.8500
4  Facsimile:    650.938.5200

5  Attorneys for Defendants
   Tomer Weingarten, David Bernhardt,
6  Charlene T. Begley, Aaron Hughes, Mark S. Peek,
   Ana G. Pinczuk, Daniel Scheinman, Teddie Wardi,
7  Jeffrey W. Yabuki, and Nominal Defendant
   SentinelOne, Inc.
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                          OAKLAND DIVISION

| | |
|---|---|
| JOEL NEWMAN, derivatively on behalf of SENTINELONE, INC., | Case No.: 4:24-cv-01934-HSG |
| Plaintiff, | **STIPULATION AND ORDER TO CONSOLIDATE AND STAY (as modified)** |
| v. | Judge: Hon. Haywood S. Gilliam Jr |
| TOMER WEINGARTEN, DAVID BERNHARDT, CHARLENE T. BEGLEY, AARON HUGHES, MARK S. PEEK, ANA G. PINCZUK, DANIEL SCHEINMANN, TEDDI WARDI, and JEFFREY W. YABUKI, | Date Action Filed: March 29, 2024 |
| Individual Defendants, | |
| -and- | |
| SENTINELONE, INC., | |
| Nominal Defendant. | |

| | |
|---|---|
| WALTER STOCHEVSKI, Derivatively on Behalf of Nominal Defendant SENTINELONE, INC., | Case No.: 4:24-cv-02096-HSG |
| Plaintiff, | **STIPULATION AND ORDER TO CONSOLIDATE AND STAY (as modified)** |
| v. | Judge: Hon. Haywood S. Gilliam Jr |
| TOMER WEINGARTEN, DAVID BERNHARDT, CHARLENE T. BEGLEY, | Date Action Filed: |

FENWICK & WEST LLP

AARON HUGHES, MARK S. PEEK, ANA PINCZUK, DANIEL SCHEINMAN, TEDDIE WARDI, and JEFFREY W. YABUKI,

Defendants,

and

SENTINELONE, INC.,

Nominal Defendant.

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)") and Civil Local Rule 7-12, Plaintiffs Joel Newman and Walter Stochevski (together, "Plaintiffs"), Individual Defendants Tomer Weingarten, David Bernhardt, Charlene T. Begley, Aaron Hughes, Mark S. Peek, Ana Pinczuk, Daniel Scheinman, Teddie Wardi, and Jeffrey W. Yabuki (the "Individual Defendants"), and Nominal Defendant SentinelOne, Inc. ("SentinelOne" or the "Nominal Defendant" and, together with the Individual Defendants, the "Defendants," and with the Plaintiffs, the "Parties"), by and through their respective counsel, stipulate as follows:

WHEREAS, on January 10, 2024, Plaintiff Walter Stochevski filed a stockholder derivative action in the U.S. District Court for the District of Delaware on behalf of SentinelOne against the Individual Defendants, captioned *Stochevski v. Weingarten, et al.*, Case No. 1:24-cv-00025;

WHEREAS, on March 29, 2024, Plaintiff Joel Newman filed a Verified Stockholder Derivative Complaint (the "Complaint") on behalf of Nominal Defendant against the Individual Defendants in the shareholder derivative action captioned *Newman v. Weingarten, et al.*, Case No. 4:24-cv-01934-HSG (the "*Newman*" Action);

WHEREAS, on April 8, 2024, *Stochevski v. Weingarten, et al.*, Case No. 1:24-cv-00025, was transferred from the U.S. District Court for the District of Delaware to this Court, where it was assigned the caption *Stochevski v. Weingarten, et al.*, Case No. 4:24-cv-02096-HSG (the "*Stochevski* Action" and, together with the *Newman* Action, the "Derivative Actions");

WHEREAS, the Derivative Actions assert claims based on the same alleged events and circumstances in the securities class action captioned *In re SentinelOne, Inc. Securities Litigation*, Case No. 4:23-cv-02786-HSG (N.D. Cal.), pending before the United States District Court for the Northern District of California (the "Securities Class Action");

FENWICK & WEST LLP

WHEREAS, Individual Defendants Weingarten and Bernhardt are named as defendants in both the Derivative Actions and the Securities Class Action;

WHEREAS, on May 3, 2024, this Court entered an order deeming the Derivative Actions related to the Securities Class Action;

WHEREAS, Rule 42(a) provides that when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, the Parties agree that the Derivative Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action (hereinafter referred to as the "Consolidated Derivative Action"), in order to avoid duplication of effort and potentially conflicting results, and to conserve party and judicial resources; and

WHEREAS, in light of the similarities between the Derivative Actions and the Securities Class Action, and because Plaintiffs seek damages on SentinelOne's behalf arising from, among other things, the outcome of the Securities Class Action, and in order to conserve the Parties' and judicial resources, the Parties to the Derivative Actions agree that all proceedings and deadlines in the Derivative Actions, including discovery and Defendants' obligation to move, answer, or respond to the Complaints in the Derivative Actions, should be voluntarily stayed;

**IT IS ACCORDINGLY STIPULATED AND AGREED** by the Parties, pursuant to Civil L.R. 7-12, through their respective undersigned counsel, as follows:

1. Defendants agree to accept service of process on behalf of any Defendant not yet served in the Derivative Actions;

2. The Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, into the Consolidated Derivative Action.

3. Every pleading in the Consolidated Derivative Action, or in any separate action included herein, must bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SENTINELONE, INC. STOCKHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. 4:24-cv-01934-HSG<br><br>(Consolidated with Case No. 4:24-cv-02096-HSG) |

4. The files of the Consolidated Derivative Action shall be maintained in one file under Lead Case No. 4:24-cv-01934-HSG.

5. Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action shall be:

**LEVI & KORSINSKY, LLP**
Daniel Tepper (*pro hac vice* forthcoming)
Correy A. Suk (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Email: gnespole@zlk.com
Email: csuk@zlk.com

**RIGRODSKY LAW, P.A.**
Timothy MacFall (*pro hac vice* forthcoming)
825 East Gate Boulevard, Suite 300 Garden City, NY 11530
Telephone: (516) 683-3516
Email: tjm@rl-legal.com

6. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Derivative Action.

7. This Order shall apply to each purported derivative action arising out of the same or substantially the same transactions or events as the Consolidated Derivative Action

that is subsequently filed in, removed to, or transferred to this Court.

8. When a case which properly belongs as part of *In re SentinelOne, Inc. Stockholder Derivative Litigation*, Lead Case No. 4:24-cv-01934-HSG, is hereafter filed in, remanded to, or transferred to this Court, counsel for the Parties shall call such filing, remand, or transfer to the attention of the Clerk of the Court for purposes of moving the Court for an order consolidating such case(s) with *In re SentinelOne, Inc. Stockholder Derivative Litigation*, Lead Case No. 4:24-cv-01934-HSG.

9. The Parties agree that a stay of the Consolidated Derivative Action pending resolution of the Securities Class Action is appropriate in that it will avoid inefficiencies and duplicative efforts, will better preserve the resources of the Court and the Parties, and will more closely align the proceedings in the Consolidated Derivative Action with the proceedings in the Securities Class Action.

10. All proceedings and deadlines in the Consolidated Derivative Action, including the filing of pleadings, motion practice, and any discovery, shall be stayed and no deadline shall be imposed until the earlier of (1) final resolution of the Securities Class Action; or (2) an announcement that the parties in the Securities Class Action have reached a settlement. Defendants shall not be required to move, or otherwise respond, to the complaints in either the *Newman* Action or the *Stochevski* Action during the pendency of the stay.

11. Within fourteen (14) days of resolution or dismissal of the Securities Class Action with prejudice, the Parties shall meet and confer and submit to the Court a proposed schedule for resuming proceedings in the Consolidated Derivative Action, including dates by which Plaintiffs must file an amended complaint (if not already amended pursuant to paragraph 14), if any, and a date by which Defendants must answer, move against or otherwise respond to the operative complaint, and any associated briefing schedules.

12. The Defendants shall promptly notify the Plaintiffs of any related derivative lawsuits involving SentinelOne ("Related Derivative Action"). Defendants' counsel shall

promptly notify Co-Lead Counsel if any Related Derivative Action is not stayed for the same or longer duration of time as the Consolidated Derivative Action.

13. In the event that a party-scheduled mediation or court-ordered settlement conference is held in an effort to settle the Securities Class Action, counsel for Defendants shall provide Co-Lead Counsel with reasonable advance notice of said mediation and shall invite Plaintiffs to participate in such mediation (subject to Defendants seeking permission from that court and/or other parties to the mediation and/or settlement conference, as well as any insurers). In the event that Plaintiffs are not permitted to attend such mediation and/or settlement conference, Defendants will make a good-faith effort to mediate separately with Plaintiffs at or around the same time as the mediation of the Securities Class Action. Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation with any other plaintiffs in a Related Derivative Action and shall include Plaintiffs in any such mediation (subject to Defendants seeking permission from that court and/or other parties to the mediation, as well as any insurers).

14. Notwithstanding the agreed-upon stay of the Consolidated Derivative Action, Plaintiffs may file a consolidated amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay.

15. All proceedings in this action, including all applicable case management and ADR deadlines, whether by Court order, the Federal Rules and Civil Local Rules, or otherwise shall be temporarily stayed and/or vacated during the pendency of Securities Class Action.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS SO STIPULATED.**

| | |
|---|---|
| Dated: June 4, 2024 | FENWICK & WEST LLP |
| | By: */s/ Jay L. Pomerantz* |
| |     Jay L. Pomerantz |
| | |
| | 801 California Street |
| | Mountain View, CA  94041 |
| | Telephone:    650.988.8500 |
| | Facsimile:    650.938.5200 |
| | |
| | *Attorneys for Defendants* |
| | *Tomer Weingarten, David Bernhardt,* |
| | *Charlene T. Begley, Aaron Hughes, Mark S. Peek,* |
| | *Ana G. Pinczuk, Daniel Scheinman, Teddie Wardi,* |
| | *Jeffrey W. Yabuki, and nominal defendant* |
| | *SentinelOne, Inc.* |
| | |
| Dated: June 4, 2024 | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP |
| | By: */s/ Betsy C. Manifold* |
| |     Betsy C. Manifold |
| | |
| | 750 B Street, Suite 1820 |
| | San Diego, CA 92101 |
| | Telephone:  619.239.4599 |
| | Facsimile:  619.234.4599 |
| | |
| | *Local Counsel for Plaintiffs* |
| | |
| | Daniel Tepper (*pro hac vice* forthcoming) |
| | Correy A. Suk (*pro hac vice* forthcoming) |
| | LEVI & KORSINSKY, LLP |
| | 33 Whitehall Street, 17th Floor |
| | New York, NY 10004 |
| | Telephone: (212) 363-7500 |
| | |
| | Timothy MacFall (*pro hac vice* forthcoming) |
| | 825 East Gate Boulevard, Suite 300 |
| | Garden City, NY 11530 |
| | Telephone: (516) 683-3516 |
| | |
| | *Co-Lead Counsel  for Plaintiffs* |

Pursuant to Local Rule No. 5-1(i)(3), all signatories concur in filing this stipulation.

Dated: June 4, 2024           By: */s/ Jay L. Pomerantz*
                                   Jay L. Pomerantz

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

The clerk is directed to administratively close the later-filed civil action, Case No. 24-cv-02096-HSG. All future filings should be done in the lead case only.

DATED: 6/5/2024              THE HONORABLE HAYWOOD S. GILLIAM, JR.
                             UNITED STATES DISTRICT COURT JUDGE